UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARIANA BURTON,<br>    Plaintiff(s),<br>v.<br>SOUTHERN HILLS PAVILLION,<br>    Defendant(s). | Case No. 2:24-cv-00447-MMD-NJK<br><br>**ORDER** |

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Plaintiff's complaint does not establish subject matter jurisdiction.[1]  First, diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) does not exist here because Plaintiff and Defendant appear to both be citizens of Nevada. *See* Docket No. 1-1 at 1-2; *see also* Docket No. 1-5 (civil cover sheet).  Second, it is unclear whether there is any basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331. The complaint identifies no federal cause of action or federal question. Indeed, the complaint fails to provide a short and plain statement of the case that Plaintiff

---

[1] The section of the complaint where jurisdiction is meant to be pled is left blank here. *See* Docket No. 1-1 at 3.

is trying to bring. *Cf.* Fed. R. Civ. P. 8(a). In short, the Court cannot discern from the complaint any basis on which subject matter jurisdiction could exist.

Given the failure to establish subject matter jurisdiction (or comply with Rule 8), Plaintiff's complaint is **DISMISSED** with leave to amend. Plaintiff will have until **May 18, 2024**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**Failure to comply with this order may result in dismissal of this case.**[2]

IT IS SO ORDERED.

Dated: April 18, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Because it is not clear that subject matter exists, the Court defers ruling on the application to proceed *in forma pauperis*.