UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ARIANA BURTON, | Case No. 2:24-cv-00447-MMD-NJK |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| SOUTHERN HILLS PAVILLION, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Ariana Burton submitted a civil complaint and an application to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 1-1.) The Court dismissed Burton's initial complaint with leave to amend for failure to establish subject matter jurisdiction. (ECF No. 3.) Burton filed an amended complaint. (ECF No. 5.) Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Nancy J. Koppe, recommending that the Court dismiss this action without prejudice for lack of subject matter jurisdiction. (ECF No. 7.) Objections to the R&R were due by May 13, 2024. (*See id.*) To date, Plaintiff has not objected to the R&R. For this reason and as described below, the Court adopts the R&R in full and dismisses this action without prejudice.

Because there was no objection, the Court need not conduct de novo review, and is satisfied that Judge Koppe did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original). The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3); *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court."). On April 18, 2024,

the Court issued an order finding that Plaintiff failed to plead subject matter jurisdiction or to comply with Rule 8 in her initial complaint. (ECF No. 3.) Plaintiff filed an amended complaint. (ECF No. 5.) In the R&R, Judge Koppe now recommends dismissal because, although the amended complaint is hard to discern, it contains no allegations that invoke either diversity jurisdiction or federal question jurisdiction. (ECF No. 7 at 1.) *See* 28 U.S.C. § 1332(a) (establishing federal court diversity jurisdiction when parties to an action are citizens of different states); 28 U.S.C. § 1331 (establishing federal question jurisdiction). The amended complaint appears to seek to bring a claim for stalking and harassment against a psychiatric facility and indicates only that jurisdiction exists for "U.S. Government Plaintiff." (ECF No. 5.) The Court thus agrees with Judge Koppe that dismissal without prejudice for lack of subject matter jurisdiction is appropriate.

It is therefore ordered that Judge Koppe's Report and Recommendation (ECF No. 7) is accepted and adopted in full.

It is further ordered that this action is dismissed without prejudice.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

DATED THIS 22nd Day of May 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE